### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EDWARD R. MURPHY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 06-2558-KHV** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

Edward R. Murphy appeals the final decision of the Commissioner of Social Security to deny disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. On February 12, 2008, Magistrate Judge John Thomas Reid recommended that the Court affirm the Commissioner's decision. See Report And Recommendation (Doc. #11). On February 19, 2008, plaintiff timely filed written objections. See Plaintiff's Objections To Magistrate Judge's Report And Recommendation (Doc. #12). For reasons stated below, the Court overrules plaintiff's objections and adopts the magistrate judge's report and recommendation in its entirety.

### Standard

Under 28 U.S.C. § 636(b)(1)(C), the Court "shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." In the Court's *de novo* review, it must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995). The Court has considered plaintiff's objections to Judge Reid's report and carefully reviewed the record and the report and recommendation.

## Analysis

**I.     Opinion Of Treating Sources**

Plaintiff argues that the ALJ erred when he did not give substantial weight to the opinions of two of plaintiff's treating physicians, Dr. Hopkins and Dr. Striebinger. A treating physician's opinion carries controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the record," Watkins, 350 F.3d at 1300, or if it is brief, conclusory and unsupported by medical evidence, Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987).

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Watkins, 350 F.3d at 1300. When a treating physician's opinion is inconsistent with other medical evidence, the ALJ must examine reports of other physicians to see if they outweigh the reports of the treating physician. See Goatcher v. U. S. Dep't of HHS, 52 F.3d 288, 289-90 (10th Cir. 1995). The ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the physician is a specialist in the area upon which an opinion is

rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 290 (citing 20 C.F.R. § 404.1527(d)(2)-(6)). The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled. See id.

Here, the ALJ found that all three orthopedic surgeons of record – Dr. Hopkins, Dr. Striebinger and Dr. Clymer – were treating physicians. Dr. Hopkins and Dr. Striebinger each gave an opinion that plaintiff's ongoing restrictions precluded all substantial gainful work. Dr. Clymer, however, concluded that plaintiff could perform light work if he alternated sitting and standing. The ALJ gave substantial weight to Dr. Clymer's opinion. The ALJ discounted the opinions of Drs. Hopkins and Striebinger as inconsistent with plaintiff's good level of daily activity and Dr. Clymer's conclusion that plaintiff could perform light work with alternate sitting and standing.

In the report and recommendation, Judge Reid thoroughly analyzed the ALJ's evaluation of plaintiff's treating sources and the Court incorporates that portion of the report and recommendation. See Report And Recommendation (Doc. #11) at 24-27. Plaintiff asserts that the ALJ ignored the opinions of Dr. Striebinger and Dr. Hopkins, but the ALJ set out in detail their opinions that plaintiff was not employable. The ALJ also noted why he rejected that portion of their opinions. The ALJ ultimately must weigh and resolve evidentiary conflicts, and the Court cannot reweigh the evidence. Rutledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); see also White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2001) (court will not second-guess ALJ decision).

Because plaintiff's treating sources did not have the same opinions as to plaintiff's ability to work, the ALJ weighed the evidence under the various regulatory factors used in evaluating the opinions of treating sources. The ALJ ultimately rejected Dr. Striebinger and Dr. Hopkins' opinions

and substantial evidence supports the ALJ's conclusion in this regard. The Court therefore overrules plaintiff's objection on this issue.

## II.     Credibility Determination

Plaintiff argues that the ALJ erred in evaluating the credibility of disabling symptoms, particularly pain. The Tenth Circuit has explained the analysis for considering subjective testimony regarding symptoms. See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain). The ALJ must consider (1) whether plaintiff established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and plaintiff's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, plaintiff's pain is in fact disabling. Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992); Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987); 42 U.S.C. § 423(d)(5)(A).

Here, plaintiff argues that in determining his credibility, the ALJ did not properly consider his exemplary work record. Belanger v. Barnhart, No. 06-13-B-W, 2006 WL 3519307, at *2 (D. Me. Dec. 6, 2006) (good work history may support plaintiff's credibility). The ALJ stated that plaintiff might not be motivated to seek less physical but lower paid work. Plaintiff asserts that the ALJ did not cite any record evidence to support this statement. As the Magistrate noted, however, evidence in the record as a whole supports the ALJ conclusion. In particular, the Magistrate cited evidence that plaintiff worked for a single employer from 1988 to 2002, with a salary ranging from around $40,000 to $55,000. Further, the ALJ had the opportunity to observe and listen to plaintiff at the hearing. Plaintiff asserts that the ALJ did not articulate those reasons to support the finding that plaintiff may be unmotivated to find other employment, and that the Magistrate cannot offer

post-hoc rationalization to support the ALJ's finding. Plaintiff's Objections (Doc. #12) at 3 (citing SEC v. Chenery Corp., 318 U.S. 80, 93-94 (1943)). So long as the ALJ sets forth the specific evidence on which he relies in evaluating claimant's credibility, however, he need not conduct a formalistic factor-by-factor recitation of the evidence. White, 287 F.3d at 909; see Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The record must demonstrate that he considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citing Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)). Here, the ALJ outlined evidence on which he relied. For these reasons, the Court overrules plaintiff's objection.

### III. Conclusion

The Court has conducted a *de novo* review and agrees with the magistrate's recommendation that the Court affirm the Commissioner's denial of plaintiff's claims for disability benefits under Sections 216(i) and 223of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The Court adopts in its entirety the well-reasoned Report And Recommendation (Doc. #11).

**IT IS THEREFORE ORDERED** that the Commissioner's decision be and hereby is **AFFIRMED**. The Clerk shall enter judgment pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that Plaintiff's Objections To Magistrate Judge's Report And Recommendation (Doc. #12) filed February 19, 2008 be and hereby are **OVERRULED.**

Dated this 27th day of March, 2008 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge